# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHWEST REGIONAL COUNCIL OF CARPENTERS, et al., <br>     Plaintiffs, <br> v. <br><br> PHIL LIMON, <br>     Defendant. <br><br><br> AND RELATED CLAIMS | CV 17-6582 DSF (MRWx) <br><br> Order re Findings of Fact and Conclusions of Law |

    This case involves a dispute between Phil Limon and the United Brotherhood of Carpenters and Joiners of America (UBC), the Southwest Regional Council of Carpenters, and Carpenters Local Union 721 (collectively, the Unions). The Unions filed suit against Limon, seeking declaratory judgment that Limon was not entitled to inspect Union records. Limon, in turn, brought multiple counterclaims. Still before the Court are Limon's First, Second, Fourth, Sixth, Eighth, and Ninth Counterclaims. All but

the Sixth Counterclaim were tried before the Court.[1] See Dkts. 219, 220.

After reviewing the evidence presented at trial and the parties' closing briefs[2], the Court finds the Unions are entitled to declaratory relief that Limon is not a member of the UBC and, accordingly, is not entitled to inspect union records. The Court also finds Limon has failed to meet his burden on any of his counterclaims.

Limon failed to prove that he was denied a fair hearing under 29 U.S.C. § 411(a)(5) (Second Counterclaim). Limon failed to demonstrate either that the Trial Committee was biased against him or that legal counsel improperly influenced the decision. Limon failed to prove that he was retaliated against, in violation of 29 U.S.C. § 411(a)(2) (Fourth Counterclaim). And because Limon failed to prove that he was expelled without due process, the Court concludes that Limon is no longer a member of the UBC (First Counterclaim). The Court also finds the Unions are entitled to injunctive relief that Limon is not a member, and therefore not entitled to inspect Union records.

Limon has also failed to prove his state-law claims for breach of contract (Eighth Counterclaim) and false promise (Ninth Counterclaim).

Finally, because Limon is not a member, he has no standing to challenge the merger of Local 1553 into Local 721 (Sixth Counterclaim).

---

[1] The Court bifurcated the trial, as Limon would have no standing to challenge the validity of the merger if the Unions prevailed on the other claims.

[2] The Court has considered all briefs submitted by the parties. The Order to Show Cause is discharged.

The Unions are ordered to submit proposed findings of fact and conclusions of law (Findings) relating to this judgment (as a Word document) no later than April 22, 2019. Each fact or conclusion should be listed in a numbered paragraph. Generally, there should be only a single fact or conclusion of law contained in each paragraph. Each fact must contain a reference to the trial transcript or an exhibit admitted into evidence. Each conclusion should contain a citation to a statute, case, etc.

No later than May 13, 2019, Limon may submit a copy of the Unions' proposed Findings, marked as follows:

(a) strike through those portions Limon disputes; and

(b) underline those portions Limon admits but considers irrelevant.

Limon need not make a uniform determination as to an entire proposed finding or conclusion. Limon may agree with a portion, dispute another portion, and consider a portion irrelevant. Limon may submit objections or alternative findings no later than May 13, 2019. Additional or alternative facts must contain a reference to the trial transcript or an exhibit admitted into evidence. Limon need not submit a marked copy of the findings, objections or alternative findings and conclusions, but failure to submit at least one of these will result in the Court concluding that Limon agrees with the Findings.

IT IS SO ORDERED.

Date: March 28, 2019

Dale S. Fischer
United States District Judge